UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDUARDO H. JIMENEZ PEREZ,<br><br>      Petitioner,<br><br>-v.-<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | 25 Civ. 3400 (JHR)<br><br>09 Cr. 159 (JHR)<br><br>MEMORANDUM OPINION & ORDER |

JENNIFER H. REARDEN, District Judge:

On April 17, 2025, Petitioner Eduardo H. Jimenez Perez, "a native and citizen of the Dominican Republic and a current lawful permanent resident of the United States," ECF No. 21 (Opposition to Motions for Stay, hereinafter "Opp.") at 1 n.1,[1] filed a petition *pro se* seeking a writ of error *coram nobis* to vacate a prior criminal conviction. ECF No. 1 (Petition). Before the Court is Petitioner's application to "issue an immediate Emergency Temporary Stay of Removal, explicitly suspending the Individual Immigration Hearing scheduled for June 3, 2025, pending the final resolution of Petitioner's *Coram Nobis* Petition." ECF No. 10 at 3. The Government opposes the application. For the reasons set forth below, Petitioner's request is DENIED.

## BACKGROUND

On October 20, 2009, Petitioner pleaded guilty to one count of violating 21 U.S.C. § 846 for conspiring to distribute cocaine. *United States v. Jimenez Perez*, 09 Cr. 159 (JHR), Oct. 20, 2009 Minute Entry.[2] On November 15, 2011, the Honorable Shira A. Scheindlin sentenced Petitioner to time served and a five-year period of supervised release. *Jimenez Perez*, 09 Cr. 159 (JHR), Nov. 15, 2011 Minute Entry.

---

[1] Unless otherwise stated, all citations to the docket refer to *Jimenez Perez v. United States*, 25 Civ. 3400 (JHR).
[2] This case was originally assigned to the Honorable Shira A. Scheindlin and reassigned to this Court in 2025.

In December 2013, U.S. Immigration and Customs Enforcement ("ICE") served Petitioner with a Notice to Appear, which commenced removal proceedings and "charged him with being subject to removal as an alien convicted of a controlled substance offense, and for an aggravated felony." Opp. at 1. "In September 2015, an Immigration Judge denied [Petitioner]'s applications for relief and ordered him removed to the Dominican Republic, and the Board of Immigration Appeals ('BIA') dismissed his appeal in January 2016." *Id*. at 1-2. In February 2016, Petitioner "filed a petition for review of his removal order with the U.S. Court of Appeals for the Third Circuit." *Id*. at 2 n.2. "But after the BIA reopened removal proceedings," the Third Circuit "dismissed [the petition] for lack of jurisdiction (because [Petitioner] was no longer subject to a final removal order)." *Id*. The BIA "granted [Petitioner]'s motion to reopen his removal proceeding" in June 2016; "the BIA remanded the case to the Immigration Judge to address any new developments with respect to [Petitioner]'s application for relief." *Id*. at 2. That proceeding before the Immigration Court remains pending. *Id*. Petitioner is scheduled to appear at a hearing before an Immigration Judge on June 3, 2025 for "further consideration of his application for relief, pursuant to the BIA's 2016 remand order." *Id*.

On December 5, 2014, Petitioner filed his first of three *pro se* petitions challenging his conviction, arguing that he "was not properly advised by [his] previous [a]ttorney, or by the prosecutor or by the Judge in [his] criminal proceedings about the consequences of [his] plea to [his] immigration status." *Jimenez Perez v. United States*, 14 Civ. 10160 (SAS), ECF No. 1 at 3 (S.D.N.Y. Dec. 5, 2014). Judge Scheindlin denied the petition due to Petitioner's "fail[ure] to demonstrate any legitimate excuse for his failure to file . . . timely" and "decline[d] to issue a certificate of appealability." *Jimenez Perez v. United States*, 14 Civ. 10160 (SAS), ECF No. 5 at 2 (S.D.N.Y. Mar. 6, 2015) (noting that Petitioner "did not file his petition until nearly two years"

after his deadline under the relevant statute and, with respect to the certificate of appealability, that "the motion ma[de] no substantial showing of a denial of a constitutional right").

On January 20, 2016, Petitioner filed *pro se* a petition for a writ of error *coram nobis*, in which he contended again that he "had never been advised by his then [a]ttorney . . . that by entering a plea of guilty . . . . [he] would be facing a mandatory removal from the United States." *United States v. Jimenez Perez*, 09 Cr. 159 (JHR), ECF No. 58 at 8 (S.D.N.Y. Jan. 20, 2016). By Order dated February 18, 2016, Judge Scheindlin "transfer[red] the petition to the United States Court of Appeals for the Second Circuit as a second or successive motion under 28 U.S.C. § 2255," which requires authorization from the appropriate court of appeals to file, *see* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h), because Petitioner was "still in custody for the purpose of a federal court's jurisdiction to consider a motion for § 2255 relief." *United States v. Jimenez Perez*, 09 Cr. 159 (JHR), ECF No. 59 at 1 (S.D.N.Y. Feb. 18, 2016). On April 26, 2016, the Second Circuit ordered that "the underlying petition w[ould] be denied effective May 17, 2016 if [an] application [for authorization to file the petition] was not filed by that date." *Jimenez Perez v. United States*, No. 16-593 (2d Cir. Apr. 26, 2016). Petitioner did not file such an application. *Jimenez Perez v. United States*, No. 16-593 (2d Cir. June 2, 2016).

On April 17, 2025, Petitioner filed a petition for a writ of error *coram nobis* to vacate his 2009 conviction "solely on the basis of a constitutional violation at the plea stage that resulted in severe immigration consequences entered against him . . . on the grounds of constitutionally ineffective assistance of counsel in violation of the Sixth Amendment." ECF No. 1 (Petition) at 8. On May 9, 2025, Petitioner filed a motion "request[ing] that this Court issue an immediate Emergency Temporary Stay of Removal, explicitly suspending the Individual Immigration Hearing scheduled for June 3, 2025, pending the final resolution of Petitioner's *Coram Nobis*

3

Petition." ECF No. 10 at 3. On May 13, 2025, Petitioner filed an additional motion seeking substantially the same relief. ECF No. 12 (collectively with ECF No. 10, "the Motions"). The Government opposed the Motions on May 25, 2025. Opp. On May 28, 2025, Petitioner filed a reply in further support of the Motions. ECF No. 26 (Reply). The Court directed the Government to file a sur-reply addressing Petitioner's position on reply that "the Court has jurisdiction to issue the requested stay because 'Petitioner is not yet subject to a final order of removal.'" ECF No. 27 (quoting ECF No. 26 at 4). The Government filed its sur-reply on May 30, 2025. ECF No. 28 (Sur-Reply).

## DISCUSSION

Through his Petition for a writ of error *coram nobis*, Petitioner "is challenging the conviction that serves as a basis for [his] removal [proceedings], not [any particular] removal order." *Eisa v. Immigr. & Customs Enf't*, No. 08 Civ. 6204 (FM), 2008 WL 4223618, at *3 (S.D.N.Y. Sept. 11, 2008).[3] The instant application to stay Petitioner's removal proceedings, however, is "an indirect challenge," *Sean B. v. Wolf*, No. 20 Civ. 550 (JGK), 2020 WL 1819897, at *1 (S.D.N.Y. Apr. 10, 2020), to "the decision or action by the Attorney General to . . . adjudicate [the immigration] case[]" against him, 8 U.S.C. § 1252(g) (with exceptions not relevant here, including for courts of appeals to consider final orders of removal, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter"). Section 1252 "mandates that any challenges to Petitioner's removal proceedings themselves . . . must be brought in the [c]ourt of

---

[3] The Government does "not object[] to the Court's jurisdiction over the pending motion for a writ of error *coram nobis*, but only to the Court's jurisdiction to stay or otherwise interfere with [Petitioner]'s pending immigration proceedings." Sur-Reply at 1 n.1.

4

[a]ppeals when his order of removal is final." *Obado v. Superior Ct. of New Jersey Middlesex Cnty.*, No. 21 Civ. 10420 (FLW), 2022 WL 283133, at *4 n.7 (D.N.J. Jan. 31, 2022) (citing 8 U.S.C. § 1252(b)(9)) (denying motion to terminate a Notice to Appear in petitioner's removal proceedings). The Court therefore "lacks jurisdiction" to "halt [Petitioner's] immigration proceedings," including the June 3, 2025 immigration hearing. *See id*.

As for Petitioner's application to stay removal itself, "[c]ourts in the Second Circuit have consistently held that 8 U.S.C. §§ 1252(a)(5) and (g) strip district courts of jurisdiction over" such requests. *Sean B.*, 2020 WL 1819897, at *1 (citing *Vidhja v. Whitaker*, No. 19 Civ. 613 (PGG), 2019 WL 1090369, at *3-4 (S.D.N.Y. Mar. 6, 2019)). "Section 1252 requires that both direct and indirect challenges to removal orders be filed in the appropriate court of appeals." *Id*. (citing *Vasquez v. United States*, No. 15 Civ. 3946, 2015 WL 4619805, at *3 (S.D.N.Y. Aug. 3, 2015)) (holding that "[a] stay would render the [final] removal order invalid and is an indirect challenge to the removal order"). Even where a *coram nobis* petitioner "seeks a stay of removal so that any relief granted by the Court will not be pyrrhic," the Court "lacks jurisdiction[] to grant [that] stay." *Eisa*, 2008 WL 4223618, at *4 (denying application to stay deportation).

While Petitioner recognizes that "Congress has limited judicial review of immigration decisions exclusively to the courts of appeals under certain circumstances," he argues that "those restrictions apply explicitly and solely to *final orders of removal* and their direct review." Reply at 4 (emphasis added). But the provision requiring that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal," 8 U.S.C. § 1252(a)(5), does not mean that a district court has jurisdiction over any *non-final order of removal* that was issued in an ongoing immigration proceeding—or over the proceeding itself. Instead, a petitioner may properly seek

5

judicial review of his removal proceedings *only after* he has become subject to a final order of removal. *See Chupina v. Holder*, 570 F.3d 99, 103 (2d Cir. 2009) (recognizing that an Article III court's "jurisdiction to review orders of removal is limited to review of 'final order[s] of removal'"). Petitioner does not have such an order here because his case remains pending before an Immigration Judge. *See id.* (recognizing that only upon "the earlier of the BIA's affirmance of the immigration judge's order of removal or the expiration of the time to appeal the immigration judge's order of removal to the BIA" will a removal order become final and subject to judicial review).

In sum, the Immigration and Nationality Act precludes the district court's intervention in Petitioner's removal proceedings because "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a *final order* under this section." *Qiao v. Lynch*, 672 F. App'x 134, 135 (2d Cir. 2017) (quoting 8 U.S.C. § 1252(b)(9) (emphasis added)). Moreover, "the sole and exclusive means for judicial review of an order of removal" is "a petition for review filed with an appropriate *court of appeals* in accordance with [8 U.S.C. § 1252]." *Id.* (quoting 8 U.S.C. § 1252(a)(5)). The Court thus lacks jurisdiction to grant the Motions, regardless of whether Petitioner is subject to a final order of removal. *See Jian Qiao v. Lynch*, No. 15 Civ. 2569 (RJS), 2015 WL 13877090, at *2 (S.D.N.Y. Dec. 1, 2015) ("Pursuant to Section 1252(b)(9), Plaintiff's claim [for judicial review of the immigration judge's decision to reopen proceedings] will be ripe for judicial review only upon the issuance of a final removal order."), *aff'd sub nom. Qiao*, 672 F. App'x 134.

## CONCLUSION

For the reasons set forth above, the Motions are DENIED with prejudice. Petitioner "may seek [the relief requested here] only if and when an immigration judge issues a final removal order, in which case [Petitioner] [may seek such relief in] the Court of Appeals pursuant to Section 1252(a)(5)." *Jian Qiao*, 2015 WL 13877090, at *2.

The Clerk of Court is directed to terminate ECF Nos. 10 and 12.

SO ORDERED.

Dated: June 2, 2025
New York, New York

                                                   JENNIFER H. REARDEN
                                                   United States District Judge